# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FAHIRRI DANNAH,

        Plaintiff,

-vs-

CITY OF GRAND RAPIDS, and OFFICER
ANTHONY BARBERINO, OFFICER
HARVEY BARKER, OFFICER ZACHARY
KAISER, OFFICER MELISSA MONINGER,
OFFICER MICHAEL SPEES, in their
individual capacities,

        Defendants.

Hon.
Case No.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorneys for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

---

## <u>PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND</u>

    NOW COMES the Plaintiff, Fahirri Dannah, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

### <u>JURISDICTION AND VENUE</u>

1.    This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3.      This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Grand Rapids, County of Kent, State of Michigan.

## **PARTIES**

5.      Plaintiff Fahirri Dannah is a 44-year-old man and a resident of the County of Kent, State of Michigan.

6.      Defendant City of Grand Rapids (the "Department" hereinafter) is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the City of Grand Rapids Police Department.

7.      The Grand Rapids Police Department is headquartered at 1 Monroe Center NW in Grand Rapids, Michigan. The Department's highest priority is safety. It is committed to being an inclusive police department. It values service delivered with compassion; equity in providing fair and just services for all individuals; integrity of purpose and action; and being transparent and accountable in all it does.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                                    Michael L. Jones, Esq.
Case No.:                                                                          Jon R. Marko, Esq.

8.     Defendant Officer Anthony Barberino, sued in his individual capacity, is a police officer employed by the Grand Rapids Police Department and, by all information and belief, resides in the County of Kent, State of Michigan.

9.     Defendant Officer Harvey Barker, sued in his individual capacity, is a police officer employed by the Grand Rapids Police Department and, by all information and belief, resides in the County of Kent, State of Michigan.

10.     Defendant Officer Zachary Kaiser, sued in his individual capacity, is a police officer employed by the Grand Rapids Police Department and, by all information and belief, resides in the County of Kent, State of Michigan.

11.     Defendant Officer Melissa Moninger, sued in her individual capacity, is a police officer employed by the Grand Rapids Police Department and, by all information and belief, resides in the County of Kent, State of Michigan.

12.     Defendant Officer Michael Spees, sued in his individual capacity, is a police officer employed by the Grand Rapids Police Department and, by all information and belief, resides in the County of Kent, State of Michigan.

## **FACTS**

13.     On or about November 16, 2019, Department Officers Swantek and Spees stopped a white Kia Rio for allegedly speeding on 11th street and having an object hanging from the rearview mirror.

14.     Officer Spees requested consent to search the vehicle without probable cause.

15.     The driver consented to the search.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                    Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

JM MARKO LAW

16.    Officer Kaiser approached the passenger side and spoke with passenger Fahirri Darrah.

17.    He ordered Mr. Dannah out of the vehicle.

18.    Mr. Dannah exited the car as commanded.

19.    Officer Kaiser requested to search Mr. Dannah without any probable cause.

20.    Mr. Dannah refused.

21.    Officer Kaiser told Mr. Dannah he was going to "pat" him down for weapons.

22.    Mr. Dannah repeatedly told the officer he did not have any weapons.

23.    Nevertheless, Officer Kaiser searched Mr. Dannah.

24.    Officer Kaiser alleged he felt a small baggie of drugs on Mr. Dannah.

25.    Mr. Dannah did not have any drugs on him.

26.    The officers refused to let him leave.

27.    The officers demanded Mr. Dannah be handcuffed without any probable cause.

28.    The officers demanded Mr. Dannah sit in the back of the Department's cruiser.

29.    After several minutes of being harassed by the officers for no reason, Mr. Dannah attempted to end the encounter.

30.    Officers Kaiser, Barberino, and Moninger grabbed Mr. Dannah.

31.    Officers Kaiser, Barberino, and Moninger slammed Mr. Dannah's head into the Department's cruiser.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                    Michael L. Jones, Esq.
Case No.:                                                                       Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

32.     The officers bruised Mr. Dannah's head.

33.     The officers caused abrasions to Mr. Dannah's head.



34.     After he hit his head, Mr. Dannah was no longer responsive.

35.     Officers Kaiser, Barberino, and Moninger threw Mr. Dannah to the ground.

36.     Officer Moninger dropped her body weight onto Mr. Dannah.

37.     The officers dislocated Mr. Dannah's right shoulder.

38.     Officer Kaiser held Mr. Dannah's legs down.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                    Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW



39.     Officers Barberino and Moninger then punched the helpless Mr. Dannah.

40.     Officer Swantek handcuffed Mr. Dannah.

41.     Mr. Dannah remained non-responsive.

42.     The officers falsely accused Mr. Dannah of swallowing cocaine.

43.     American Medical Response rushed Mr. Dannah to Butterworth Hospital in

Grand Rapids, Michigan.

44.     Mr. Dannah never tested positive for cocaine in his system.

45.     The Department charged Mr. Dannah with assault, battery, resisting or

obstructing a police officer.

46.     The Department did not bring any drug related charges against Mr. Dannah.

47.     The Department and its officers caused Mr. Dannah significant physical,

emotional suffering, psychological injury, and trauma during and following the November

16, 2019, incident.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                    Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

48.     He continues to experience fear, distrust, and anxiety regarding law enforcement officers.

## **CLAIMS FOR RELIEF**

### **COUNT I –CONSTITUTIONAL CLAIMS**
### **EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983**
### *(Against Defendants Barberino, Barker, Kaiser, Moninger, and Spees)*

49.     Plaintiff Dannah hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

50.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

51.     The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

52.     Defendants are "persons," as defined under 42 U.S.C. § 1983, and as agents of the City of Grand Rapids and the Grand Rapids Police Department, were acting under the color of state law at all times relevant to this action.

53.     By engaging in the above-described acts, Defendants, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

54.     Plaintiff's right to be free from excessive force as described herein was clearly established at the time Defendants took him into custody.

55.     Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

56.     As a proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer emotional suffering, psychological injury, and trauma. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers.

57.     Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II – *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983
### *(Against the City of Grand Rapids)*

58.     Plaintiff Dannah hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

59.     Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

60.     The foregoing rights were clearly established at the time of the violations.

61.     The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by the City of Grand Rapids, acting under the color of its statutory and legal authority, including but not limited to:

   a.  Implementing a policy and practice of imposing unnecessary and excessive force;

   b.  Improperly training, authorizing, encouraging or directing officers on proper use of force.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*                           Michael L. Jones, Esq.
Case No.:                                                                  Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

    c.  Failing to investigate allegations of excessive force.

    d.  Failing to discipline officers for violations of policy related to excessive force.

62.    These customs, policies, and practices of the City of Grand Rapids Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

63.    This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

64.    Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

65.    As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **DEMAND FOR RELIEF**

Plaintiff requests that this Court:

    a.  Assert jurisdiction over this matter;

    b.  Enter judgment in favor of Plaintiff and against Defendants;

    c.  Award Plaintiff compensatory and punitive damages;

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*        Michael L. Jones, Esq.
Case No.:                                        Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

    d.   Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

    e.   Grant other appropriate relief.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: michael@markolaw.com

Date: April 28, 2022

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Fahirri Dannah v. City of Grand Rapids, et. al*      Michael L. Jones, Esq.
Case No.:      Jon R. Marko, Esq.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FAHIRRI DANNAH,

                    Plaintiff,

  -vs-

CITY OF GRAND RAPIDS, and OFFICER
ANTHONY BARBERINO, OFFICER
HARVEY BARKER, OFFICER ZACHARY
KAISER, OFFICER MELISSA MONINGER,
OFFICER MICHAEL SPEES, in their
individual capacities,

                    Defendants.

Hon.
Case No.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
**Attorneys for Plaintiff**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

---

## <u>JURY DEMAND</u>

      Plaintiff, Fahirri Dannah, by and through his attorneys, Marko Law PLLC, hereby

demands a jury trial in this cause.

                                  Respectfully submitted,

                                    */s/ Michael L. Jones*
                                  Michael L. Jones (P85223)
                                  **MARKO LAW, PLLC**
                                  1300 Broadway Street, Fifth Floor
                                  Detroit, MI 48226
                                  (313) 777-7529 / Fax: (313) 777-5785
                                  Email: michael@markolaw.com

Date:  April 28, 2022

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Fahirri Dannah v. City of Grand Rapids, et. al*           Michael L. Jones, Esq.
Case No.:                                     Jon R. Marko, Esq.